Charles M. Stern (SBN 43870)
Kristin L. Holland (SBN 187314)
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, California 90067-3012
Telephone: 310-788-4400
Facsimile: 310-788-4471
charles.stern@kattenlaw.com
kristin.holland@kattenlaw.com

Attorneys for Plaintiffs PRETTY UGLY, LLC;
DAVID HORVATH; and SUN-MIN KIM

COPY

FILED
2009 NOV 30 PM 4: 15

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| PRETTY UGLY, LLC, DAVID HORVATH, and SUN-MIN KIM, | Case No. CV09-8784 AHM (MANx) |
|---|---|
| Plaintiffs, | **COMPLAINT FOR:** |
| v. | **(1) Trademark Infringement;** |
| | **(2) Trade Dress Infringement;** |
| TARGET CORPORATION and DOES 1 through 10, | **(3) False Designation of Origin;** |
| | **(4) False Advertising;** |
| Defendants | **(5) Common Law Unfair Competition;** |
| | **(6) Copyright Infringement;** |
| | **(7) Unfair Competition (Cal. Business & Professions Code §17200); and** |
| | **(8) False Advertising (Cal. Business & Professions Code §17500, *et seq.*).** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs Pretty Ugly, LLC; David Horvath; and Sun-Min Kim (collectively "PUL" or "Plaintiffs") allege as follows for causes of action against defendants Target

31506178_1

Corporation ("Target"), and Does 1 through 10 (collectively with Target, "Defendants"):

## PARTIES

1.    Plaintiff Pretty Ugly, LLC is a limited liability company duly organized under the laws of the State of Delaware and having its principal place of business in the State of New Jersey.  PUL is in the business of creating, manufacturing, and selling a line of fanciful plush dolls, toys, accessories and other related goods and services with distinctive features called UGLYDOLL® Dolls.

2.    Plaintiffs David Horvath and Sun-Min Kim are the co-founders and co-creators of the UGLYDOLL® line of plush toys.  Horvath is a citizen of the State of California and Kim is a citizen of South Korea, residing in the State of California.

3.    PUL is informed and believes, and on that basis alleges, that Target is a Minnesota corporation with its principal place of business in the State of Minnesota.  Target is registered to do business in the State of California; operates approximately 236 retail outlets throughout California, including within this judicial district.

4.    PUL is unaware of the names and true capacities of Does 1 through 10 and therefore sues them by their fictitious names; PUL will seek leave to amend this Complaint when their true names and capacities are ascertained.  Does 1 through 10 are in some manner responsible for the wrongs alleged herein and at all times referenced each was the alter-ego of Target, or Target the alter-ego of Does 1 through 10, and/or was operating as a single enterprise or joint venture with Target, and was the agent and servant of Target and was acting within the course and scope of said agency and/or employment.

5.    At all relevant times herein, Target and Does 1 through 10 directed, knew, or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby and by their actions and/or inactions directed, ratified, and encouraged such acts and behavior.  Target and Does 1 through 10 had a

non-delegable duty to prevent such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.  PUL's claims are based, in part, on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051-1127 *et seq.*, and the United States Copyright Act, 17 U.S.C. §§ 501-1332 *et seq.*  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

7.     This Court also has subject matter jurisdiction over this action based pursuant to 28 U.S.C. § 1332(a), since the controversy is between citizens of different states, or subjects of a foreign state, and the members of Pretty Ugly, LLC are citizens of the States of New York and New Jersey.  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), -(2) and 1400(a) because Defendants transact business and Target specifically maintains approximately 236 retail outlets in California, including within this judicial district, and because a substantial portion of the events giving rise to the claims alleged in this Complaint have occurred, and continue to occur, within this judicial district, where Target offers for sale and sells its accused products.  Furthermore, PUL continues to suffer damage to its UGLYDOLL® Marks and Designs in this judicial district.

## NATURE OF ACTION

9.     This action results from Defendants' willful conduct in violation of PUL's rights under federal and California law.

10.     As described below, Defendants have used PUL's UGLYDOLL® dolls, images, designs, characters and trade dress (collectively "the UGLYDOLL® Marks

31506178_1

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

and Designs" or the "UGLYDOLL® Designs") as prominent parts of certain "Circo Monsters" bedding line and related merchandise ("the Circo Monsters Bedding Line and Related Merchandise"), in an effort to trade on the valuable goodwill associated with PUL's UGLYDOLL® Marks and Designs.

11.    This conduct has caused, and is likely to continue to cause, confusion in the marketplace with regard to the affiliation or connection between Defendants and PUL and with regard to the source, sponsorship or approval of Defendants' products, resulting in harm to PUL and the unjust enrichment of Defendants.

12.    PUL's demand that Defendants cease their unlawful conduct has been unavailing, and the infringing products are still being offered for sale at retail outlets and on the Internet at www.target.com, leaving PUL no choice but to seek judicial relief.

13.    PUL seeks statutory and other damages, as well as injunctive relief, for injuries that have been, and will continue to be, caused by Defendants' use of PUL's UGLYDOLL® Marks and Designs, including trademark and trade dress infringement under the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), false designation of origin and false advertising (15 U.S.C. § 1125(a)) and copyright infringement (17 U.S.C. §§ 501 *et seq.*), as well as common law unfair competition and trademark infringement, unfair competition under sections 17200 *et seq.* of the California Business & Professions Code, and false advertising under sections 17500 *et seq.* of the California Business & Professions Code.

## PUL's BUSINESS, MARKS, AND DESIGNS

14.    In 2001, Plaintiffs David Horvath and his wife Sun-Min Kim began creating and selling original plush toys under the designation UGLYDOLL. Plaintiff PUL was formed as a formal entity in 2002 to continue in creating and selling plush toys under the UGLYDOLL® mark. Since that time, Plaintiffs have expanded their product line to include a wide variety of plush toys, dolls, accessories, books,

31506178_1

calendars and related goods and services sold under a variety of UGLYDOLL®
Marks and Designs. The collection of plush toys share common characteristics in that
they are all fanciful imaginative creatures with distinctive features.

15. PUL's collection of UGLYDOLL® Dolls have gained worldwide
popularity and success in the marketplace. The UGLYDOLL® Dolls have been
heralded by the media throughout the United States and in other countries across the
world. For example, the UGLYDOLL® Dolls have been featured in *Business Week*,
*Business Week Online*, *New York Daily News*, *Elle Decoration*, *Elle Girl*, *Holland
Herald*, *Hong Kong Press*, *In Style*, *Italian Elle*, *Japanese Press*, *Los Angeles
Magazine*, *The Los Angeles Times*, *New York Magazine*, *Time*. *Spin*, *The Sunday Star*,
*The New York Times*, *People*, *Redbook* and *The Washington Post*.

16. The UGLYDOLL® Dolls have also been featured on NBC's *Today*
show, *Good Morning America* and CNN and have received the prestigious "Toy of the
Year Award."

17. As a result of this extensive publicity, as well as PUL's own extensive
efforts in developing, advertising and promoting its goods and marks, PUL's
trademarks have acquired distinctiveness and secondary meaning. PUL has developed
considerable recognition and goodwill in its UGLYDOLL® Marks and Designs,
indicating to consumers of all ages that its products come from a single source. PUL
can thus claim strong intellectual property rights in its UGLYDOLL® Marks and
Designs.

18. PUL owns separate copyright and trademark registrations in and to
various dolls and characters in the UGLYDOLL® collection, including, but not
limited to, the BIG TOE® UGLYDOLL® Doll (Visual Registration Numbers
VA0001408912 and VAu000711033 and Trademark Registration Numbers 3343537
and 3355216) and the UGLYWORM® UGLYDOLL® Doll (Visual Registration

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

31506178_1

Number VA0001394929 and Trademark Registration Numbers 3347499 and 3355232), depicted below:



BIG TOE

UGLYWORM

19.    The registrations issued to PUL for the BIG TOE® UGLYDOLL® Doll and the UGLYWORM® UGLYDOLL® Doll Marks and Designs, including UGLYDOLL words and images, were duly issued by the United States Patent and Trademark Office and United States Register of Copyrights and are valid and subsisting.  Copies of these registrations are attached hereto as Exhibit B.

20.    PUL applied the proper notice of registration ("®" and/or "©") to its UGLYDOLL® Marks and Designs pursuant to 15 U.S.C. § 1111 and 17 U.S.C. § 401, respectively.

21.    PUL maintains an Internet website at <www.uglydolls.com>, incorporating UGLYDOLL® in the domain name to facilitate customers' and potential customers' searches for UGLYDOLL® products.  On that website, PUL publicizes and promotes its UGLYDOLL® Marks and Designs and the wide variety of products and services distributed and sold under those marks, including plush toys, dolls, accessories and other related goods and services.

31506178_1

**DEFENDANTS' CONDUCT**

22.     Target operates a chain of retail discount stores throughout the United States, including stores in this judicial district, as well as an active Internet website store located at <www.target.com>.

23.     Defendants created, and are advertising, promoting, marketing, distributing, offering for sale and/or selling, the Circo Monsters Bedding Line and Related Merchandise, including plush toys, which use unauthorized infringing images of certain UGLYDOLL® Dolls, in Target stores and on <www.target.com> (and affiliate sites) in this judicial district and throughout the United States, representative images of which are attached hereto as Exhibit A.

24.     The Circo Monsters Bedding Line and Related Merchandise imitate the "look and feel" and overall impression of the UGLYDOLL® Dolls using images in the same color family, with similar features and featuring a replica of PUL's BIG TOE® UGLYDOLL® Doll (in brown) and a confusingly and substantially similar image of PUL's UGLYWORM® UGLYDOLL® Doll on the bedding itself. Defendants are also using PUL's actual BIG TOE® UGLYDOLL® Doll (in blue) sitting on the bed, as depicted in the image below:

///

///

///

///

///

///

///

///

///

**COMPLAINT**

31506178_1



Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

25.    The display and use of PUL's legitimate UGLYDOLL® BIG TOE® character (which is being infringed by the products being offered for sale, advertised, or sold by Defendants) intentionally creates an unwarranted, misleading, and deceptive association between the infringing products and PUL and PUL's UGLYDOLL® products and fosters a misimpression that there is a connection, association, endorsement, sponsorship, or affiliation between PUL and the infringing products being offered for sale, advertised or sold by Defendants.

26.    Defendants have not been licensed by PUL to use PUL's UGLYDOLL® Marks and Designs in connection with the advertisement and sale of its Circo Monsters Bedding Line and Related Merchandise.

31506178_1

27.    Commencing at some time unknown to PUL, Defendants began using PUL's UGLYDOLL® Marks and Designs in the design, use, sale, advertising, marketing, promoting and/or distributing of the Circo Monsters Bedding Line and Related Merchandise.    Upon learning of Defendants' unauthorized use of PUL's UGLYDOLL® Marks and Designs, PUL, through its counsel, wrote to Target and demanded that it cease and desist its manufacturing, use, display and sales of the Circo Monsters Bedding Line and Related Merchandise, including all advertisements and marketing materials with the image of PUL's BIG TOE® UGLYDOLL® Doll, and all bedding, sheets, plastic ware, plush toys or any other goods with images that look confusingly and substantially similar to any other UGLYDOLL® Doll.    Target's response was non-committal and it has continued to use PUL's UGLYDOLL® Marks and Designs, despite actual notice of PUL's intellectual property rights.

28.    Defendants had actual and constructive notice of PUL's UGLYDOLL® Marks and Designs when it adopted and/or created the Circo Monsters Bedding Line and Related Merchandise.    Defendants also knew of the goodwill, reputation, standing, and success associated with PUL's UGLYDOLL® Marks and Designs.    In fact, Target sells and/or offers for sale three of PUL's books and/or products, all of which bear the UGLYDOLL® Marks and Designs, including the "UGLYDOLL® School Planner," a spiral notebook; "1 2 3 4 U," a juvenile fiction book; and "ABC U Later," also a juvenile fiction book.

29.    Defendants have had actual knowledge of PUL's UGLYDOLL® Marks and Designs by virtue, *inter alia*, of one or more of PUL's federal registrations. Defendants were put on constructive notice of PUL's rights in the UGLYDOLL® Marks and Designs prior to the time Defendants commenced their use of the confusingly and substantially similar Circo Monsters Bedding Line and Related Merchandise.

**COMPLAINT**

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

31506178_1

30.    The confusing similarity between the Circo Monsters Bedding Line and Related Merchandise, on the one hand, and PUL's UGLYDOLL® Marks and Designs, on the other, is likely to cause confusion with regard to the source of Defendants' products.  Thus, Defendants have been, and continue to be, engaged in acts that are injurious and deceptive to the public and that have caused, and will continue to cause, PUL to suffer irreparable harm as well as damage to its business, reputation, goodwill, and loss of sales and profits PUL would have made but for Defendants' infringing acts.

## FIRST CAUSE OF ACTION

## (FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114)

31.    PUL repeats, and here incorporates by reference, paragraphs 1-30 above.

32.    As the federal registrant of the UGLYDOLL® Marks and Designs in connection with its plush toys, accessories, and related goods and services, PUL is entitled to the exclusive use of the UGLYDOLL® Marks and Designs and any mark or design confusingly similar to those marks or designs throughout the United States.

33.    As a result of PUL's extensive use of the UGLYDOLL® Marks and Designs and federal trademark registrations, PUL has demonstrated its commitment to protecting the distinctiveness of the UGLYDOLL® Marks and Designs.  Such marks and designs enjoy considerable goodwill, widespread recognition and secondary meaning in commerce that have become associated with PUL and its goods and services.

34.    Prior to the Defendants' adoption, use, advertising, marketing, distributing, and sale of the Circo Monsters Bedding Line and Related Merchandise, Defendant had actual notice and knowledge, or constructive notice (pursuant to 15 U.S.C. § 1072), of PUL's UGLYDOLL® Marks and Designs registrations and actual knowledge of PUL's UGLYDOLL® Marks and Designs.

**COMPLAINT**

31506178_1

35.    Defendants have intentionally and willfully used PUL's  UGLYDOLL® Marks and Designs in connection with the advertising, marketing, distribution, and sales of the Circo Monsters Bedding Line and Related Merchandise, in order to cause confusion or mistake, or to deceive consumers, and in an attempt to trade on the goodwill, reputation, marketing and sales power established by PUL under the UGLYDOLL® Marks and Designs.

36.    PUL has not authorized, licensed or otherwise consented to Defendants' use of the UGLYDOLL® Marks and Designs.

37.    Defendants have used, advertised, or caused to be advertised its Circo Monsters Bedding Line and Related Merchandise in interstate commerce, including in this judicial district, and has transported or caused to be transported such goods in interstate commerce.

38.    Defendants' unauthorized use, sale, advertising, marketing and distribution of the Circo Monsters Bedding Line and Related Merchandise throughout the United States is likely to cause confusion, deception or mistake with regard to the source of the goods provided by Defendants, and with regard to the sponsorship, approval or affiliation of the Circo Monsters Bedding Line and Related Merchandise with the UGLYDOLL® Marks and Designs.

39.    The Circo Monsters Bedding Line and Related Merchandise used, sold, advertised, marketed and distributed by Defendants are in some cases identical to, and in other cases confusingly similar or related to, the goods and/or services sold by PUL under the UGLYDOLL® Marks and Designs and are being offered through the same channels of trade and/or advertising to the same consumers as PUL's goods and services sold under the UGLYDOLL® Marks and Designs.

40.    Defendants' unauthorized display and use of PUL's legitimate plush toy BIG TOE® UGLYDOLL® Doll (in blue) (which is infringed by the products being offered for sale, advertised and sold by Defendants) in Defendants' advertising,

31506178_1

marketing, and packaging of its Circo Monsters Bedding Line and Related Merchandise intentionally creates an unwarranted and misleading and deceptive association between the infringing products and PUL and PUL's UGLYDOLL® products and fosters the misimpression that there is a connection, association, endorsement, sponsorship, or affiliation between PUL and the infringing products being offered for sale, advertised, and sold by Defendants.

41. Defendants' unauthorized use of PUL's BIG TOE® UGLYDOLL® Doll and a confusingly similar image of the UGLYWORM® UGLYDOLL® Doll featured on the Circo Monsters Bedding Line and Related Merchandise themselves has caused, and will continue to cause, consumers to be confused about the source, nature, sponsorship, approval, affiliation and quality of the Circo Monsters Bedding Line and Related Merchandise.

42. Defendants' unauthorized use, sale, advertising, marketing and distributing of its Circo Monsters Bedding Line and Related Merchandise allows, and will continue to allow, Defendants to receive the benefit of the goodwill established by PUL at great effort, labor and expense, and to gain acceptance of Defendants' goods based not on the merits of those goods, but on the reputation and goodwill of PUL.

43. Defendants' unauthorized use, sale, advertising, marketing and distributing of its Circo Monsters Bedding Line and Related Merchandise deprives PUL of its ability to control consumer perception of the quality of goods promoted, distributed, and sold under the UGLYDOLL® Marks and Designs, and places the valuable reputation and goodwill of PUL into the hands of Defendant, over whom PUL exercises no control. As a means of protecting the image and appeal of its products, services, marks and copyrights, PUL does not sell, and does not wish to have sold, its protected good and services through mass marketers such as Target.

31506178_1

44.    Defendants' conduct is likely to cause confusion or mistake, or to deceive consumers wishing to purchase PUL's goods.

45.    PUL has been and will continue to be irreparably harmed and damaged by Defendants' trademark infringement insofar as the public has been, and is continuing to be, deceived as to the connection, affiliation, or relationship between goods promoted, distributed, and sold by PUL under the UGLYDOLL® Marks and Designs and the Circo Monsters Bedding Line and Related Merchandise sold by Defendants.

46.    Defendants' conduct constitutes trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

47.    Defendants' conduct has damaged PUL and, unless Defendants are enjoined by this Court, will further impair the value of PUL's marks, reputation, brand and goodwill.  This harm constitutes injury for which PUL has no adequate remedy at law.

48.    Defendants have used the UGLYDOLL® Marks and Designs despite having actual and constructive notice of PUL's rights.   Further, Defendants have refused to discontinue such infringing use despite receiving PUL's demand that it do so.  Consequently, this is an exceptional case under 15 U.S.C. § 1117(a), warranting an award of up to treble damages and PUL's attorneys' fees in this matter, seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d) and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

## SECOND CAUSE OF ACTION
## (FEDERAL TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125(a))

49.    PUL repeats, and here incorporates by reference, paragraphs 1-48 above.

50.    Since 2001, PUL has expended considerable resources, labor and expense in creating an overall impression that has become associated with the UGLYDOLL® Marks and Designs, and continuously uses bold colors, unique

31506178_1

features, unusual shapes, fanciful designs, and imaginative names (hereinafter, "PUL's Trade Dress") in creating, using, advertising, marketing, promoting, and distributing its UGLYDOLL® Dolls collection of plush toys, accessories, and related goods and services. PUL's Trade Dress has been, and is, used in interstate commerce to identify the source of PUL's goods and services and to distinguish its goods and services from those of others. Through such use and association, PUL's Trade Dress has acquired a strong consumer awareness and secondary meaning. PUL's Trade Dress is also arbitrary and non-functional.

51.    Commencing at some time unknown to PUL, Defendants, without authorization, has advertised, marketed, sold and distributed the Circo Monsters Bedding Line and Related Merchandise, which imitate the overall impression of PUL's UGLYDOLL® Dolls using images in the same color family, with identical or confusingly similar features, including, but not limited to, Defendants' unauthorized use and display of PUL's plush toy BIG TOE® UGLYDOLL® Doll (in blue) sitting on the bed in Defendants' advertising, marketing and packaging of its Circo Monsters Bedding Line and Related Merchandise and Defendants' unauthorized use of an identical PUL BIG TOE® UGLYDOLL® Doll (in brown) and a confusingly similar image of the UGLYWORM® UGLYDOLL® Doll featured on the Circo Monsters Bedding Line and Related Merchandise themselves.

52.    Defendants' Circo Monsters Bedding Line and Related Merchandise are identical to, or substantially indistinguishable from, and an obvious imitation of PUL's Trade Dress. PUL's Trade Dress, and the trade dress of the Circo Monsters Bedding Line and Related Merchandise, create the same general overall impression in the minds of consumers.

53.    The similarities between PUL's Trade Dress and the trade dress of the Circo Monsters Bedding Line and Related Merchandise are not a mere coincidence. Defendants' products were designed intentionally to mimic PUL's Trade Dress, with

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

31506178_1

the intention to create a false impression that the Circo Monsters Bedding Line and Related Merchandise are associated with and emanate from PUL.

54.    Defendant has without authorization, willfully, and with the intention of benefiting from the reputation and goodwill of PUL, imitated, *inter alia*, the colors, shapes, designs, features, overall appearance, and impression of PUL's Trade Dress.

55.    There is a substantial likelihood of confusion to consumers between PUL's Trade Dress and the Circo Monsters Bedding Line and Related Merchandise.

56.    As a consequence, the Circo Monsters Bedding Line and Related Merchandise are likely to deceive and divert, and/or have deceived and diverted, customers away from genuine UGLYDOLL® Dolls, plush toys, accessories, and related products.

57.    Defendants' conduct constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a).

58.    Defendants' conduct has damaged PUL and unless Defendants are enjoined by this Court from infringing PUL's Trade Dress, will further impair the value of PUL's business, reputation, brand and goodwill.  This harm constitutes injury for which PUL has no adequate remedy at law.

59.    Defendants have used PUL's Trade Dress despite having actual and constructive notice of PUL's rights under the UGLYDOLL® Marks and Designs. Further, Defendants have refused to discontinue such infringing use, despite PUL's demand that it do so.  Consequently, this is an exceptional case under 15 U.S.C. § 1117(a), warranting an award of up to treble damages and PUL's attorneys' fees in this matter, seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d), and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

**THIRD CAUSE OF ACTION**

**(FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(A))**

60.    PUL repeats, and here incorporates by reference, paragraphs 1-59 above.

31506178_1

61.     Defendants' unauthorized use of PUL's UGLYDOLL® Marks and Designs in connection with its advertising, marketing, distributing and sale of its Circo Monsters Bedding Line and Related Merchandise, including, but not limited to, Defendants' unauthorized use of PUL's plush toy BIG TOE® UGLYDOLL® Doll (in blue) sitting on the bed in Defendants' advertising, marketing, and packaging of its Circo Monsters Bedding Line and Related Merchandise and Defendants' unauthorized use of PUL's BIG TOE® UGLYDOLL® Doll and a confusingly similar image of the UGLYWORM® UGLYDOLL® Doll featured on the Circo Monsters Bedding Line and Related Merchandise, falsely suggests an affiliation or connection with, sponsorship by or relation to PUL.

62.     PUL has been and will continue to be irreparably harmed and damaged by Defendants' false designation of the origin of its goods, insofar as the public in general and consumers in particular have been, are being, and will continue to be induced to believe that Defendants' Circo Monsters Bedding Line and Related Merchandise are affiliated or connected with, sponsored by or related to PUL.

63.     Defendants' conduct constitutes a false designation of origin of its goods in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Defendants' conduct has damaged PUL and, unless Defendants are enjoined by this Court from infringing PUL's Trade Dress, will further impair the value of PUL's business, reputation, brand, and goodwill. This harm constitutes injury for which PUL has no adequate remedy at law.

65.     Defendants have used PUL's UGLYDOLL® Marks and Designs despite having actual and constructive notice of PUL's rights under the UGLYDOLL® Marks and Designs. Further, Defendants have refused to discontinue such infringing use, despite receiving PUL's demand that it do so. Consequently, this is an exceptional case under 15 U.S.C. § 1117(a), warranting an award of up to treble damages and PUL's attorneys' fees in this matter, seizure of all infringing goods pursuant to 15

31506178_1

U.S.C. § 1116(d), and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

## FOURTH CAUSE OF ACTION
### (FALSE ADVERTISING, 15 U.S.C. § 1125(A))

66.    PUL repeats, and here incorporates by reference, paragraphs 1-65 above.

67.    Defendants' commercial use of displays, samples, pictures, replicas or other reproductions, including, but not limited to, Defendants' unauthorized use of PUL's plush toy BIG TOE® UGLYDOLL® Doll (in blue) sitting on the bed in Defendants' advertising, marketing, and packaging of its Circo Monsters Bedding Line and Related Merchandise and Defendants' unauthorized use of PUL's BIG TOE® UGLYDOLL® Doll and a confusingly similar image of the UGLYWORM® UGLYDOLL® Doll featured on the Circo Monsters Bedding Line and Related Merchandise to solicit for and to otherwise advertise and promote the Circo Monsters Bedding Line and Related Merchandise or its retail stores and other goods, constitutes false and misleading representations of fact in commercial advertising or promotion, misrepresenting the nature, characteristics and qualities of its goods or commercial activities and is likely to cause and is causing deception and influence of purchasing decisions in the marketplace as well as allowing Defendants' falsely advertised goods to enter interstate commerce.

68.    Defendants' unauthorized display and use of PUL's legitimate plush toy BIG TOE® UGLYDOLL® Doll (in blue) (which is infringed by the products being offered for sale, advertised and sold by Defendants) in Defendants' advertising, marketing, and packaging of its Circo Monsters Bedding Line and Related Merchandise intentionally creates an unwarranted, misleading and deceptive association between the infringing products and PUL and PUL's UGLYDOLL® products and fosters the misimpression that there is a connection, association,

**COMPLAINT**

31506178_1

endorsement, sponsorship, or affiliation between PUL and the infringing products being offered for sale, advertised, and sold by Defendants.

69.    As a direct and proximate result of Defendants' false and misleading advertising, PUL is likely to be and has been injured by direct diversion of sales from PUL to Defendants and by lessening of the goodwill which PUL's products enjoy with the purchasing public.

70.    Defendants' conduct constitutes false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71.    Defendants' conduct has damaged PUL and unless Defendants are enjoined by this Court from infringing PUL's Trade Dress, will further impair the value of PUL's business, reputation, brand and goodwill.  This harm constitutes injury for which PUL has no adequate remedy at law.

72.    Defendants falsely advertised its Circo Monsters Bedding Line and Related Merchandise despite having actual and constructive notice of PUL's rights under the UGLYDOLL® Marks and Designs.  Further, Defendants have refused to discontinue such false advertising, despite PUL's demand that it do so.  Consequently, this is an exceptional case under 15 U.S.C. § 1117(a), warranting an award of up to treble damages and PUL's attorneys' fees in this matter, seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d), and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

**FIFTH CAUSE OF ACTION**

**(COMMON LAW UNFAIR COMPETITION, TRADEMARK INFRINGEMENT AND PASSING OFF)**

73.    PUL repeats, and here incorporates by reference, paragraphs 1-72 above.

74.    Defendants' conduct constitutes deception by means of which its Circo Monsters Bedding Line and Related Merchandise have been passed off as being legitimately affiliated or connected with or otherwise sponsored or authorized by

18

**COMPLAINT**

31506178_1

PUL.  As a result, the public has been deceived and Defendants have received income and profits which, but for this deception, it would not have received.  Such conduct constitutes unfair competition, trademark infringement and passing off under the common law of the State of California.

75.    PUL has extensively used, promoted and advertised its UGLYDOLL® Marks and Designs.  As a result, PUL's UGLYDOLL® Marks and Designs have become uniquely associated with PUL and identify PUL as the source of the UGLYDOLL® Marks and Designs.

76.    Defendants' use of its Circo Monsters Bedding Line and Related Merchandise has caused, or is likely to cause, confusion or misunderstanding, or to deceive customers, consumers and the general public as to the origin, sponsorship or other association of Defendants' Circo Monsters Bedding Line and Related Merchandise with PUL's UGLYDOLL® Marks and Designs.

77.    Defendants' unauthorized display and use of PUL's legitimate plush toy BIG TOE® UGLYDOLL® Doll (in blue) (which is infringed by the products being offered for sale, advertised and sold by Defendants) in Defendants' advertising, marketing, and packaging of its Circo Monsters Bedding Line and Related Merchandise intentionally creates an unwarranted, misleading and deceptive association between the infringing products and PUL and PUL's UGLYDOLL® products and fosters the misimpression that there is a connection, association, endorsement, sponsorship, or affiliation between PUL and the infringing products being offered for sale, advertised, and sold by Defendants.

78.    By reason of the foregoing, Defendants have willfully and intentionally infringed and is continuing to willfully and intentionally infringe on PUL's common law rights in the UGLYDOLL® Marks and Designs in utter disregard of and indifference to the rights of PUL.  Defendants' unlawful conduct is greatly and irreparably damaging to PUL, and will continue to irreparably damage PUL, unless

31506178_1

Defendants are restrained by this Court. PUL is without an adequate remedy at law and is entitled to a permanent injunction, restraining Defendants from engaging in further infringement of the UGLYDOLL® Marks and Designs.

79. Because of Defendants' willful and intentional infringement of PUL's UGLYDOLL® Marks and Designs, PUL is entitled to an award of exemplary damages.

**SIXTH CAUSE OF ACTION**

**(COPYRIGHT INFRINGEMENT, (17 U.S.C. §§ 501 *et seq.*)**

80. PUL repeats, and here incorporates by reference, paragraphs 1-79 above.

81. PUL is the exclusive owner of the copyrights in PUL's UGLYDOLL® Designs. Pursuant to 17 U.S.C. § 410(c), PUL's Certificates of Registration (Exhibit B attached hereto) are "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." Pursuant to these Registrations, PUL's exclusive ownership is presumed.

82. PUL has complied in all material respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, including registration of such works.

83. Defendants had, and continues to have, access to PUL's UGLYDOLL® Designs.

84. Defendants, without the permission or consent of PUL, knowingly and willfully has copied, reproduced and prepared derivative works based on, and otherwise used, and continues to copy, reproduce and prepare derivative works based on, and otherwise use, one or more of PUL's UGLYDOLL® Designs for its own benefit.

85. By way of example, Defendants' Circo Monsters Bedding Line and Related Merchandise is substantially similar, if not nearly identical, to PUL's UGLYDOLL® Designs, including an exact copy of PUL's BIG TOE®

20

**COMPLAINT**

UGLYDOLL® Doll and a substantially similar image of the UGLYWORM® UGLYDOLL® Doll featured on the Circo Monsters Bedding Line and Related Merchandise. Likewise, Defendants use an actual PUL plush toy BIG TOE® UGLYDOLL® Doll (in blue) in advertising, marketing and/or packaging of its Circo Monsters Bedding Line and Related Merchandise.

86. To the extent that Defendants did not directly infringe PUL's UGLYDOLL® Designs, Defendants knowingly, recklessly and willfully induced or contributed to the infringement of PUL's exclusive rights in one or more of the PUL UGLYDOLL® Designs. Defendants had, and continues to have, a direct financial benefit in the infringing activities, and had, or continues to have, the right and/or ability to supervise and/or control those activities, rendering it vicariously liable.

87. By reason of the foregoing, Defendants have willfully and intentionally infringed, and is continuing to willfully and intentionally infringe, PUL's UGLYDOLL® Designs in utter disregard of and indifference to the rights of PUL.

88. As a direct and proximate result of Defendants' infringement of PUL's UGLYDOLL® Designs, PUL is entitled to a permanent injunction, enjoining and restraining Defendants from engaging in further infringement of the UGLYDOLL® Designs, and for all other resulting damages.

## SEVENTH CAUSE OF ACTION
### (UNFAIR COMPETITION, CAL. BUS. & PROF. CODE §§ 17200 *et seq.*)

89. PUL repeats, and here incorporates by reference, paragraphs 1-88 above.

90. Defendants have engaged in unfair or deceptive acts or practices in the course of its business and commercial activities and thereby has (a) created a likelihood of confusion or misunderstanding with regard to the source, sponsorship or approval of the Circo Monsters Bedding Line and Related Merchandise it is offering for sale; (b) created a likelihood of confusion or misunderstanding with regard to whether Defendants' Circo Monsters Bedding Line and Related Merchandise is

31506178_1

affiliated, connected or associated with PUL's UGLYDOLL® Marks and Designs; (c) passed off its Circo Monsters Bedding Line and Related Merchandise as that of PUL; (d) advertised its Circo Monsters Bedding Line and Related Merchandise with the intent not to sell them as advertised; and (e) otherwise engaged in other conduct that creates a likelihood of confusion or misunderstanding.    Defendants' conduct constitutes a violation of sections 17200 *et seq.* of the California Business & Professions Code.    Defendants have willfully engaged in these deceptive trade practices.

91.    Defendants' unauthorized display and use of PUL's legitimate plush toy BIG TOE® UGLYDOLL® Doll (in blue) (which is infringed by the products being offered for sale, advertised and sold by Defendants) in Defendants' advertising, marketing, and packaging of its Circo Monsters Bedding Line and Related Merchandise intentionally creates an unwarranted, misleading and deceptive association between the infringing products and PUL and PUL's UGLYDOLL® products and fosters the misimpression that there is a connection, association, endorsement, sponsorship, or affiliation between PUL and the infringing products being offered for sale, advertised, and sold by Defendants.

92.    PUL is entitled to the disgorgement of profits earned by Defendants as a direct and proximate result of its unlawful, unfair and/or deceptive business acts or practices, including such profits as are shown to be derived from the sale of the Circo Monsters Bedding Line and Related Merchandise, as well as those goods that were located near or around the Circo Monsters Bedding Line and Related Merchandise in retail stores and/or publicly advertised with or in relation to the Circo Monsters Bedding Line and Related Merchandise.

93.    PUL has been and will be irreparably harmed by Defendants' conduct and unless enjoined by this Court, PUL will suffer further harm to its brand,

**COMPLAINT**

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

reputation and goodwill. This harm constitutes injury for which there is no adequate remedy at law.

## EIGHTH CAUSE OF ACTION

### (FALSE ADVERTISING, CAL. BUS & PROF. CODE §§ 17500 *et seq.*)

94.     PUL repeats, and here incorporates by reference, paragraphs 1-93 above.

95.     Defendants' unauthorized display and use of PUL's legitimate plush toy BIG TOE® UGLYDOLL® Doll (in blue) (which is infringed by the products being offered for sale, advertised and sold by Defendants) in Defendants' advertising, marketing, and packaging of its Circo Monsters Bedding Line and Related Merchandise, and Defendants' unauthorized use of PUL's BIG TOE® UGLYDOLL® Doll and a confusingly similar image of the UGLYWORM® UGLYDOLL® Doll featured on the Circo Monsters Bedding Line and Related Merchandise, intentionally creates an unwarranted, misleading and deceptive association between the infringing products and PUL and PUL's UGLYDOLL® products and fosters the misimpression that there is a connection, association, endorsement, sponsorship, or affiliation between PUL and the infringing products being offered for sale, advertised, and sold by Defendants. The misrepresentations described above are sufficiently material so as to influence purchasing decisions. Such conduct constitutes false advertising under sections 17500 *et seq.* of the California Business & Professions Code.

96.     Defendants undertook the acts alleged above willfully, for the purpose of enriching itself to PUL's detriment. Defendants intended to induce consumers to purchase its goods believing the goods were created, designed and manufactured by PUL; Defendants disseminated such untrue or misleading representations about its products when it knew or should have known that such statements were untrue or misleading.

**COMPLAINT**

31506178_1

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

97.    Defendants have caused and continues to cause actual consumer confusion as to the source of the Circo Monsters Bedding Line and Related Merchandise.

98.    PUL is entitled to its actual damages, together with costs and disbursements, including its costs of investigation and attorneys' fees and costs, as a result of Defendants' false advertising, in accordance with section 14250 of the California Business & Professions Code.

99.    PUL has been and will be irreparably harmed by Defendants' conduct and unless enjoined by this Court, PUL will suffer further harm to its brand, reputation and goodwill.  This harm constitutes injury for which there is no adequate remedy at law.

Wherefore, PUL prays for judgment as follows:

1.    an order requiring that Defendant Target identify the source of the Circo Monsters Bedding Line and Related Merchandise (including all vendors, manufacturers, agents, jobbers, wholesalers, and any one or thing else associated with the manufacture, sourcing, distribution, and sale of the Circo Monsters Bedding Line and Related Merchandise sold to and by Target) as identified herein as unnamed Defendants Does 1 through 10;

2.    an order requiring that Defendants, their subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from: (a) making any unauthorized use of PUL's UGLYDOLL® Marks and Designs, or any reproduction, counterfeit, copy or colorable imitation thereof, or any trade dress, marks, or designs similar thereto, or confusingly similar thereto, or any other of PUL's marks, designs, or trade dresses, in connection with the sale of any goods or the rendering of any services; (b) manufacturing, distributing, advertising, marketing, promoting, offering for sale, or

31506178_1

selling any goods, wares, or services, including, but not limited to all bedding, sheets, plastic ware, plush toys, dolls, accessories, or any other goods with images that look confusingly similar to any UGLYDOLL® Doll, as well as any other forms of markings, packaging, labels, wrappers, containers, articles, products, displays, signs, circulars, kits, literature, materials, receptacles, catalogs, price lists, promotional materials, or websites and the like bearing a reproduction, counterfeit, copy or colorable imitation of PUL's UGLYDOLL® Marks and Designs and rights thereto; (c) using any mark, trade dress, design, statement, or representation that may be calculated to falsely represent or that has the effect of falsely representing that the services or products of Defendants are in any way sponsored by, originate with, or are in any way associated or approved by PUL; (d) falsely representing itself or its goods or services as affiliated, connected, associated, or approved by PUL; (e) advertising, marketing, promoting, offering for sale, selling, importing, exporting, distributing, transferring, and/or destroying the Circo Bedding Line and Related Merchandise and/or anything confusingly similar thereto, or any reproduction, counterfeit, copy or colorable imitation thereof, and/or any other of PUL's UGLYDOLL® Marks and Designs; (f) advertising, marketing, promoting, offering for sale, selling, and/or distributing the Circo Bedding Line and Related Merchandise and/or anything confusingly similar thereto, or any reproduction, counterfeit, copy or colorable imitation thereof, through any means whatsoever, including but not limited to retail, wholesale, via the Internet, mail order, telephone, or any other method of inter- or intrastate commerce; (g) doing any other act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, including prospective customers of PUL, as to the source of the goods offered, distributed, marketed, advertised, or sold by Defendants, or as to whether there is a connection between PUL and Defendants; and (h) assisting, aiding, or abetting any other person or entity in engaging in any of the acts set forth in (a) through (g) above;

3.     an order that Defendants be required to effectuate the recall, removal, and return from commercial distribution and/or public display of: (a) any product bearing a confusing similarity to PUL's UGLYDOLL® Marks and Designs distributed, imported, exported, advertised, sold and/or offered for sale by Defendants, its officers, agents, servants, employees, representatives, successors, and assigns, and all persons or entities acting for, with, by, through, or under them; (b) any promotional and/or advertising materials, packaging, or other items bearing marks or designs confusingly similar to PUL's UGLYDOLL® Marks and Designs used or displayed by Defendants, its officers, agents, servants, employees, representatives, successors, and assigns, and all persons and entities acting for, with, by, through, or under it; and (c) any pattern or other item used by Defendants, its officers, agents, servants, employees, representatives, successors, and assigns, and all persons and entities acting for, with, by, through, or under them, to manufacture any product, promotional, and/or advertising materials, packaging, or other item bearing marks or designs confusingly similar to PUL's UGLYDOLL® Marks and Designs;

4.     an order directing Defendants to sequester, forfeit and deliver up for destruction all of its Circo Monsters Bedding Line and Related Merchandise and any confusingly similar products in its possession or control, or in the possession or control of any of its agents, and any and all other goods that infringe PUL's UGLYDOLL® Marks and Designs, pursuant to 15 U.S.C. §§ 1116 and 1118;

5.     an order directing Defendants to deliver up for destruction all catalogues, advertising, promotional, and marketing materials in its possession, custody, or control or in the possession, custody, or control of any of its agents that feature any of the Circo Monsters Bedding Line and Related Merchandise and any other goods that may infringe PUL's UGLYDOLL® Marks and Designs, under 15 U.S.C. §§ 1116 and 1118;

**COMPLAINT**

31506178_1

6.      an order pursuant to 15 U.S.C. § 1118 directing Defendants to delete any and all information and/or computer files bearing any images confusingly similar to PUL's UGLYDOLL® Marks and Designs, including, but not limited to, images of the Circo Monsters Bedding Line and Related Merchandise, and any goods confusingly similar, and any text and/or images that are hosted on any Internet website under Defendants' control or otherwise with Defendants' authorization or affiliation or on any of Defendants' computers or hard drives or other storage media, and that the Court allow for an audit to be conducted of Defendants' computers, files, and offices to ensure compliance;

7.      an award of actual damages sustained by PUL, according to proof;

8.      an award of Defendants' gains, profits, and advantages derived by Defendants from its respective infringements, false advertising, unfair competition, and deceptive business practices;

9.      a declaration that this case is an exceptional case within the meaning of 15 U.S.C. § 1117;

10.     pursuant to 15 U.S.C. § 1117(a), -(b), an award of PUL's reasonable attorneys' fees from Defendants together with three times the amount of whichever is greater of Defendants' profits from its use of PUL's UGLYDOLL® Marks and Designs, or PUL's actual damages resulting from Defendants' use of PUL's UGLYDOLL® Marks and Designs;

11.     an award of exemplary and punitive damages to deter willful and wanton conduct and to avoid future confusion or deception of the public and unfair competition with PUL's UGLYDOLL® Marks and Designs, pursuant to 15 U.S.C. § 1117(a) and common law;

12.     an award to PUL of sufficient funds for corrective advertising to mitigate the damage caused by Defendants' wrongful and substantial advertising and public relations campaign;

COMPLAINT

31506178_1

13.     a declaration that Defendants may not register or otherwise use in any manner any of PUL's UGLYDOLL® Marks and Designs, or any marks or designs confusingly or substantially similar thereto;

14.     a declaration that PUL owns the copyrights in PUL's UGLYDOLL® Designs and that Defendants willfully infringed PUL's registered copyrights;

15.     an order that Defendants, its subsidiaries, officers, agents, servants, employees, owners and representatives, and all other persons or entities in active concert or participation with them, be enjoined from infringing, using, reproducing, distributing, publicly displaying, and/or preparing derivative works of PUL's UGLYDOLL® Designs and from using and infringing PUL's UGLYDOLL® Designs, and any other substantially similar designs, without a license or authority of PUL or otherwise award PUL a reasonable license fee for such use, pursuant to 17 U.S.C. § 502;

16.     an order impounding and/or destroying all infringing copies of PUL's UGLYDOLL® Designs, including all articles by means of which such copies are reproduced, and all records documenting the manufacture, sale, or receipt of things involved in any such violation shall be seized by and taken into custody by this Court, pursuant to 17 U.S.C. § 503;

17.     an order that Defendants pay PUL all actual damages suffered by PUL and all profits, gains, and advantages arising from or related to use of PUL's UGLYDOLL® Designs, pursuant to 17 U.S.C. § 504(a);

18.     an order that Defendants pay PUL all actual damages, including its full recovery of reasonable attorneys' fees and costs incurred in this action, pursuant to 17 U.S.C. § 505;

19.     an order that Defendants pay PUL all statutory damages pursuant to 17 U.S.C. § 504(c);

28

**COMPLAINT**

31506178_1

20.    an order that Defendants' file with this Court and serve upon PUL within thirty days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction ordered by this Court; and

21.    for such further relief as the Court deems proper.

Dated:  November 30, 2009

KATTEN MUCHIN ROSENMAN LLP

By _____
      Kristin L. Holland

Attorney for plaintiffs PRETTY UGLY, LLC;
DAVID HORVATH; and SUN-MIN KIM

31506178_1

# JURY DEMAND

Plaintiffs demand trial by jury.

Dated:  November 30, 2009

KATTEN MUCHIN ROSENMAN LLP

By _____
        Kristin L. Holland

Attorney for plaintiffs PRETTY UGLY, LLC;
DAVID HORVATH; and SUN-MIN KIM

**COMPLAINT**

31506178_1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV09- 8784 AHM (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]** **Western Division** | **[ ]** **Southern Division** | **[ ]** **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Charles M. Stern (SBN 043870)
Kristin L. Holland (SBN 187314)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite. 2600
Los Angeles, California 90067

ORIGINAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

PRETTY UGLY, LLC, DAVID HORVATH, and
SUN-MIN KIM,

PLAINTIFF(S)

v.

TARGET CORPORATION and DOES 1 THROUGH
10,

DEFENDANT(S).

CASE NUMBER

CV09-8784 AHM (MANx)

**SUMMONS**

TO:    DEFENDANT(S): _____   _____

_____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Katten Muchin Rosenman LLP_____, whose address is _2029 Century Park East, Suite 2600 Los Angeles, California 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___3 0 NOV 2009_____

By: ___Shen Bayes_____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                           **SUMMONS**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PRETTY UGLY, LLC
HORVATH, DAVID
KIM, SUN-MIN

**DEFENDANTS**
TARGET CORPORATION

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite. 2600, Los Angeles, California 90067
Tel: 310.788.4400--Charles Stern(SBN043870) & Kristin Holland(SBN 187314)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** Actual & Punitive Dmgs.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §§ 1051-1127, et seq. (trademark, trade dress, false advertising, false desg.) 17 U.S.C. § 501-1332, et seq. (Copyright Inf.), 28 U.S.C. §§ 1338(b)&1 1367 (state)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV09-8784

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
  ☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| HORVATH, DAVID (Los Angeles County) <br> KIM, SUN-MIN (Los Angeles County) | PRETTY UGLY, LLC (Delaware) |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
  ☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Target Corporation (Minnesota) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| A substantial portion of the claims of Trademark Inf., Trade Dress Inf., False Advertising, False Desig. of Origin, Copyright Inf., and related state & common law causes of action arose in Los Angeles County. |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date _November 30, 2009_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |